Ernest HANES and Okhoo Hanes,
Plaintiffs–counter–defendants–
Appellants,

v.

ARMED FORCES INSURANCE EX-
CHANGE, Defendant–counter–
claimant–Appellee.

No. 14–16722

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted November 15,
2016 San Francisco, California

Filed November 21, 2016

Loren Kieve, Kieve Law Offices, San
Francisco, CA, for Plaintiffs–counter–de-
fendants–Appellants.

Jennifer S. Muse, Attorney, Paula Tripp
Victor, Esquire, Anderson, McPharlin &
Conners LLP, Los Angeles, CA, for De-
fendant–counter–claimant–Appellee.

Before: THOMAS, Chief Judge,
FRIEDLAND, Circuit Judge, and
EZRA,* District Judge.

MEMORANDUM **

Ernest and Okhoo Hanes appeal the dis-
trict court's orders granting partial sum-
mary judgment to Armed Forces Insur-
ance Exchange (AFI), which had issued
the Haneses a homeowners' insurance poli-
cy. The district court held that AFI was
not liable for a judgment against the
Haneses in a third-party lawsuit filed by
the Haneses' neighbors, the Bishops. The
district court also held that AFI was enti-
tled to reimbursement of some costs it
incurred while defending the Haneses un-
der a reservation of rights. We affirm in
part and reverse in part.

1. The Duty to Indemnify

AFI is entitled to summary judgment on
the Haneses' claim for indemnification of
the state-court judgment that required the
Haneses to pay the Bishops' attorneys'
fees and other litigation expenses. The
state trial court found that the Haneses
were motivated by personal animus and
had attempted to frustrate all efforts to
resolve the dispute with the Bishops. Un-
der both California statutory law and the
insurance policy's exclusions, AFI has no
liability for the consequences of such will-
ful conduct. See Cal. Ins. Code § 533; see
also Combs v. State Farm Fire & Cas. Co.,
143 Cal.App.4th 1338, 49 Cal.Rptr.3d 917,
922–23 (2006) (applying California Insur-
ance Code section 533 to a supplemental
coverages provision and an attorneys' fee
award). Nor can AFI be liable for the
Haneses' costs in complying with the state
court's injunction. See Cutler–Orosi Uni-
fied Sch. Dist. v. Tulare Cty. Sch. etc.
Auth., 31 Cal.App.4th 617, 37 Cal.Rptr.2d
106, 111–14 (1994).

AFI is also entitled to summary judg-
ment to the extent the Haneses argue that
it must indemnify them for the results of
the mediation with the Bishops before the
trial in state court. The Haneses have not
identified a claim they were made to pay
as a result of that mediation.

---

* The Honorable David A. Ezra, United States
District Judge for the District of Hawaii, sit-
ting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

The district court's orders are affirmed in these respects. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014) ("We may affirm a grant of summary judgment on any ground supported by the record, even one not relied upon by the district court.").

### 2. The Duty to Defend

Although AFI has no duty to indemnify the Haneses, it had a duty to defend them throughout the trial in state court and until the deadline for their opponents' appeal had passed. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 627 (1995) ("[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement.").

The Haneses' willfulness cannot have absolved AFI of its duty to defend them because their intent was disputed throughout the litigation. *See, e.g., State Farm Gen. Ins. Co. v. Mintarsih*, 175 Cal. App.4th 274, 95 Cal.Rptr.3d 845, 854 n.6 (2009) (noting that factual disputes material to coverage do not relieve an insurer of its duty to defend). Nor did the Bishops' interrogatory responses demonstrate that their lawsuit raised no potentially covered claims. Under California law, interrogatory responses are not judicial admissions, but evidentiary admissions, and may be contradicted. *See, e.g. Phillips v. Cooper Labs.*, 215 Cal.App.3d 1648, 264 Cal.Rptr. 311, 318–19 (1989). Moreover, the state court understood the Bishops to assert claims for damages throughout the case, including at trial; only after the trial were these claims dismissed. Thus AFI could not have known whether the Bishops advanced a potentially covered claim until the appeal deadline had passed without the Bishops appealing the dismissal of their claims for damages. The district court's order is reversed in this respect.

The district court's order is affirmed, however, inasmuch as it held that AFI had no duty to defend the Haneses in the pre-suit mediation. The Bishops' mediation demand raised no potentially covered claims. They demanded action, not damages. Likewise AFI had no duty to fund the Haneses' state-court appeal. Before that appeal was litigated, the state trial court had dismissed the Bishops' potentially covered claims, and the Bishops did not challenge that decision.

\* \* \*

The district court's orders are **AFFIRMED** to the extent AFI was granted summary judgment on the Haneses' claims for indemnification. The district court's orders are **REVERSED IN PART** to the extent AFI was awarded a reimbursement of defense costs. The matter is accordingly **REMANDED** for the entry of judgment consistent with the discussion above. The parties shall bear their own costs on appeal.